No. 92.—JAMES P. WEST and others, plaintiffs in error, *vs.* JAMES R. ROUSE and JOHN J. HODGES, defendants in error.

[1.] Though the charges of fraud in a bill are not very explicit, yet, if when referentially considered with all the other statements of the bill, they amount to a distinct charge of fraud, the bill should not be dismissed for want of equity.

[2.] When the equity of a bill is fully sworn off by the answer, the injunction will be dissolved, unless there is some very special reason why this general rule should not prevail.

In Equity in Sumter Superior Court. Decision on Demurrer, and on motion to dissolve Injunction, at August Term, 1853, by Judge PERKINS.

James P. West and Josiah Scrutchins bought of John R. Rouse and John J. Hodges, two lots of land in Sumter county—Nos. 118 and 101, of 3d District, for the sum of $4,000. Each of the purchasers paid $1,000 cash; and gave their several

notes, one to Hodges and the other to Rouse, for $1,000 each. Hodges and Rouse executed warranty deeds to the purchasers. West and the Executors of Scrutchins filed their bill against Rouse and Hodges, alleging the foregoing facts : and further, that in this trade, each lot was valued at $2,000 ; that soon after the purchase, West discovered that the title for Lot No. 101 was fraudulent in this : that it was granted to one Noah Walton of Lincoln county, who departed this life several years before the date of the deed, bearing the signature of Walton— delivered by the vendors to the purchasers. The bill charged that deed to be a forgery. That the heirs of Walton had already brought suit against complainant West, to recover possession of this tract of land. That Rouse and Hodges had notice of this defect in the title, and had been requested either to rescind the sale, as to lot No. 101, or else to indemnify West against the claims of the heirs, both of which they refused to do. That complainants had refused, therefore, to pay the notes ; and that defendants had brought suits thereon, which were still pending. The bill charged that one of the defendants had avowed, openly, that their intention was to collect the money on the notes, and then the complainants might whistle for their money ; and that complainants feared that the defendants would so dispose of their property, as to render their warranty inoperative and valueless. The bill prayed an injunction of the suits on the notes, until the action of ejectment for the land should be determined ; and the complainants offered to deposit the money in Court to abide the final determination.

The answers of the defendants admitted the sale of the land, and the payments : but denied that there was any separate valuation of the two lots. The answers averred that Lot No. 118 was by far the most valuable ; denied any knowledge of the deed from Walton being a forgery, and alleged that defendants *did not believe* that it was. That they did not believe that Walton died before the date of the deed from him to Bryant, but believe that the same was genuine. That they never heard of the claim of the heirs of Walton until the suit for the land was instituted ; and they believe that it was instituted by

collusion with West and Scrutchins for the purpose of procrastinating the payment of the notes. The answers denied that the purchasers had ever offered to rescind the entire contract— on the contrary, the defendants offered, in the answers, to rescind, and pay back to complainants the amount paid; and also for all improvements, without charging any rent for the land. They denied ever making the threat charged, as to complainants whistling for their money on the warranty. On the contrary, they had offered to indemnify the complainants to the amount of $10,000 against any recovery for the Lot No. 101, which the complainants refused to receive.

A motion to dismiss the bill for the want of equity; and a motion to dissolve the injunction on the coming in of the answer, were heard, together, in the Court below, and both motions being granted by the Court, error has been assigned thereon in this Court.

DUDLEY for plaintiff in error.

HAWKINS for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] We are not surprised that the bill in this case should have been dismissed by the Court below. The allegations necessary to give a Court of Equity jurisdiction, are few, and unmarked with very striking features. Still, we think there is enough in this bill to require that it should be answered.

It is alleged that " Rouse and Hodges fraudulently palmed off, and imposed upon complainant West, what they, the defendants had reason to believe, was a forged title", &c.

Here the charge is not very technical, nor is it positively affirmed that the defendants knew the title to be forged, but only that they had reason to believe it was so. This qualification considerably dilutes the charge of fraud in the first part of the sentence. But somewhat more of body and strength is again given to it, by the farther allegation, that " defendants

are now striving to avail themselves of a legal advantage fraudulently obtained; that they are seeking, in bad faith, and fraudulently, to recover", &c.    And also by the allegation elsewhere made, that said title was forged.

These allegations, characterizing as they do what is elsewhere stated in the bill, present just enough of equity to have justified the Court in requiring an answer from the defendants. Without these charges, there would seem no reason why the complainants should not have been turned over to their remedy at Common Law.

[2.] The injunction, however, cannot be sustained.    The answer completely denies the allegations of the bill, and swears off the equity.

It is true that the Chancellor will sometimes retain the injunction, when the equity is sworn off: but when this is done, it forms an exception to the rule.    There must be very special and peculiar reasons to authorize it.    No such reasons are shown to exist here; nor is it pretended that they do exist.— We see not, therefore, why the general rule should not be enforced, and the judgment sustained on the second assignment of error.

On the first, it is reversed.